IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH R. SEALS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendant. | 4:23CV3079<br><br>**MEMORANDUM & ORDER** |

Before the Court is Plaintiff's Motion to Compel Discovery. Filing No. 41. At issue in this motion are three requests for production that seek Defendant's employment records for William Younger, Kenny Allen, and Gerald Noll. For the reasons set forth herein, the Court grants the motion in part and denies the motion in part.

BACKGROUND

Plaintiff's Complaint alleges claims of disability discrimination, race discrimination, and retaliation pursuant to 42 U.S.C. §§ 12112 and 1981. These claims relate to fitness for duty evaluations performed and, ultimately, Plaintiff not being allowed to return to work with Defendant after completion of a fitness-for-duty evaluation. As alleged, Defendant implemented a new policy related to fitness-for-duty evaluations in 2014. Filing No. 1. According to the Complaint, Plaintiff's manager, Kenny Allen ("Allen"), referred Plaintiff for a fitness-for-duty evaluation in May 2017 and Plaintiff's manager, William Younger ("Younger"), referred Plaintiff for another fitness-for-duty evaluation in February 2019. Filing No. 1 at pp. 8-9. Thereafter, in May 2019, Younger performed another fitness-for-duty evaluation on Plaintiff. Filing No. 1 at 9-10.

1

Plaintiff now argues documents produced in discovery indicate that another manager, Gerald Noll ("Noll"), directed Younger to remove Plaintiff from his job and, further, that Noll and Younger conducted at least one of Plaintiff's fitness-for-duty evaluations contrary to Defendant's policies. Relevant to the dispute at hand, Plaintiff contends he was referred to these fitness-for-duty evaluations not due to Defendant's concerns about his health and ability to perform his job functions, but because he filed an EEOC complaint of discrimination that resulted in the demotion or termination of certain managers. Plaintiff's complaint alleges Plaintiff filed this EEOC complaint in 2015. Filing No. 1 at p. 8.

The Court held a discovery conference with the parties regarding several issues on March 12, 2024. At that conference, the Court set a March 28, 2024 deadline for the parties to file motions to compel regarding the discovery disputes addressed. Plaintiff timely filed a motion to compel regarding Requests for Production Nos. 26, 27, and 29. These three requests are identical, with the exception that each of these requests involve a different manager. The requests ask for the following information regarding Younger, Allen, and Noll (referred to collectively herein as "the Managers"):

> All documents containing your records of [the Manager's] employment with Defendant, including personnel file, performance reviews, and disciplinary records. This request includes, but is not limited to, all records of discrimination and other EEO complaints against [the Managers].

In response to each request, Defendant asserts the following:

> Union Pacific objects as this request is overly broad, unduly burdensome, seeks documents that are not relevant, and seeks confidential and personal information concerning an individual who is not a party to this litigation. Disclosure of requested information could constitute an invasion of the fundamental

2

constitutional privacy rights of the employee which substantially outweighs any relevance to Plaintiff's claims.

Filing No. 44-2 pp. 3-4.

During the discovery dispute conference, Plaintiff limited the timeframe for Requests 26, 27, and 29 to the time Plaintiff was employed with Defendant. In addition, Plaintiff previously agreed, and reiterates in his brief, that he no longer requests the following information responsive to the Requests: (1) documents showing the Managers' pay and (2) the medical files Defendant maintains for these Managers. Filing No. 43 at p. 5.

ANALYSIS

Fed. R. Civ. P. 26 governs the scope of discoverable documents. Pursuant to Rule 26, the parties may obtain:

> Discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Although relevance is broadly construed for discovery purposes, the proponent of the discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Prism Techs., LLC v. Adobe Sys., Inc.*, 284 F.R.D. 448, 449 (D. Neb.

3

2012) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. *Wilbur-Ellis Company LLC v. Gompert*, 2022 WL 17736773 at *2 (D. Neb. Dec. 16, 2022) (quoting *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)).

First, it is worthwhile to note that, though Defendant objects on the basis that the request is unduly burdensome, it sets forth no argument or evidence regarding the alleged burden at issue, despite the narrowed scope addressed in the discovery conference. *V&B Props. LLC v. Atlantic States Ins. Co.*, 2024 WL 1908100, at *4 (D. Neb. May 1, 2024) *(citing Jones v. McNeese*, No. 4:09CV3264, 2010 WL 4024755, at *2 (D. Neb. Oct. 13, 2010) (remaining citations omitted)). As such, the overbreadth objection will not be considered when reaching the conclusions set forth in this order.

Defendant next objects that the requests are overly broad. As written, the Court agrees because the requests at issue set forth no timeframe whatsoever.[1]

---

[1] The Court's case management practices provide:

> Note: In most cases, if a formal discovery motion is necessary because the moving party is demanding a full response to the discovery request as drafted, the magistrate judge will enter a ruling based on the language of that discovery request; that is, the court's formal motion ruling will likely not tailor or re-draft the moving party's discovery request to comply with the federal rules and the mandated proportionality under those rules. Rather, the court will overrule or sustain the objections to the discovery request as written and presented to the magistrate judge.

As such, this Court could deny Plaintiff's motion to compel, with regard to these requests in full. However, given discussions on the record during the discovery conference regarding a narrowed timeframe, the Court will consider whether there are portions of this

But time limitations were discussed during the discovery dispute conference and Plaintiff narrowed his requests to the time in which he was employed with Defendant (September 2012 to February 2019). Filing No. 1 ¶¶ 30, 32. Defendant, however, took issue with this timeframe, arguing this narrowed timeframe was still too broad because the only EEOC charge at issue in this case was filed in 2019. Filing No. 35. Additionally, Defendant contends any documentation beyond what it has already provided is irrelevant. The Court considers the two objections together.

Plaintiff argues the requests may, among other things: "reveal that other employees made race or retaliation complaints against these managers"; "employment records could reveal a particularly close relationship between Younger, Allen, or Noll, and a manager Seals named in his EEOC charge" which would "provide a potential motive for retaliating against Seals for filing his charge."

Plaintiff's Complaint alleges that beginning in 2014, Defendant implemented changes to its "Fitness for Duty" program and medical rules. It is pursuant to this policy that Plaintiff alleges the aforementioned fitness-for-duty evaluations were performed on him. Plaintiff's Complaint also alleges that in approximately 2015, Plaintiff filed an EEOC complaint which resulted in several managers being fired or demoted. Filing No. 1, p. 8.

Given the allegations, the Court finds that documents from 2014, the time in which Defendant implemented the changes to the program at issue, until 2019, when Plaintiff's employment with Defendant ended, are relevant to the claims at

---

request to which Defendant shall respond. *See Wilbur-Ellis Co. v. Gompert*, No. 8:21CV340, 2023 WL 6038022, at *1 (D. Neb. Sept. 15, 2023) (citing *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993)) (providing that District Courts have broad discretion to limit discovery and decide discovery motions).

issue. More specifically, documents within this time frame would, among other items: (1) provide a set of circumstances under which the Managers either did or did not perform evaluations pursuant to the new company policy with a discriminatory motivation; and (2) provide documents in which Plaintiff could potentially determine whether any of the Managers had a relationship with an individual affected by Plaintiff's 2015 EEOC complaint (i.e. through supervisory evaluations, positive references in evaluations, etc.).

Defendant next objects contending the requests seek confidential and personal information of the Managers. First, it is worthwhile to note that a Protective Order has been entered in this matter which covers the documents contemplated. The Court finds the Protective Order mitigates many of Defendant's concerns. Filing No. 13, ¶ 2(b). Second, Plaintiff has clarified that they are not requesting wage or medical records (despite the scope of the original request), eliminating what the undersigned can only assume are the most confidential and personal documents set forth in the requested documents.

In support of its argument, Defendant cites *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447 (D.Minn. Nov. 24, 1997) and that court's proposition that "[a]t a minimum, before a Court compels the production of non-party personnel files it should first be satisfied that the information in those files is, indeed, relevant." Unlike the plaintiff in *Raddatz*, however, Plaintiff is not requesting the personnel files of hundreds of employees. He is only requesting employment information regarding three of his direct managers. Moreover, as previously set forth, there is a scope of documents that are, in fact, relevant to the claims at issue.

Instead, the undersigned concludes the request at issue is more comparable to that presented to this Court in *Bailey v. City of Bellevue, Nebraska*, 2020 WL 5564947 (D. Neb. Sept. 23, 2020), especially when each of the Managers were

6

involved with at least one of Plaintiff's fitness-for-duty evaluations. In *Bailey*, which also dealt with allegations of discrimination, this Court ordered the disclosure of portions of the "personnel and other employment files relating to [] performance and/or disciplinary actions" of the plaintiff's supervisor.

Like the documents this Court ordered to be produced in *Bailey*, there are portions of the Managers' employment files that are relevant to the claims at issue. Though the topic of what Defendants' employment files encompasses was addressed during the discovery dispute conference, it was not addressed in the briefing by either party. Given this, the Court will set forth the categories of documents Defendant should produce, should such documents exist:

- Any and all informal or formal complaints by Plaintiff or any other employee of Defendant made against any of the Managers related to race discrimination or retaliation for the timeframe of 2014 to February 28, 2019;
- Any and all disciplinary actions taken by Defendant against any of the Managers related to race discrimination or retaliation for the timeframe of 2014 to February 28, 2019; and
- Any and all performance reviews and/or evaluations of the Managers for the timeframe of 2014 to February 28, 2019.

Defendant may redact any information regarding pay, banking, or medical information of the Managers when producing such documents.

In his reply brief, Plaintiff raises an issue not previously brought before this Court in the discovery dispute conference, namely, certain redactions set forth in documents recently produced by Defendant. The Court notes that, at this time, it does not appear the parties have conferred on this issue in good faith nor has the Court held a discovery dispute conference. As such, the issue is not ripe for

disposition before the Court and the Court will decline to rule on it at this time. *See* NECivR7.1(j).

Accordingly, Defendant is ordered to produce the above-referenced information, which is responsive to Requests Nos. 26, 27, and 29, by May 28, 2024.

IT IS SO ORDERED.

Dated this 14th day of May, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge